**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2846-23

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

RAYMOND A. MCNEIL,

 Defendant-Appellant.

_____

Submitted October 7, 2025 – Decided December 4, 2025

Before Judges Gooden Brown and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 15-04-1154.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Raymond A. McNeil appeals from the February 22, 2024[1] Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant was charged in a three-count Camden County indictment with first-degree robbery, N.J.S.A. 2C:15-1 (count one); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count two); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count three). The charges stemmed from a botched bank robbery. Following a jury trial, defendant was convicted of all counts and sentenced to an aggregate term of twenty years in prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant appealed his convictions and sentence. In an unpublished opinion, we recounted the proofs adduced at trial as follows:

> The State presented evidence . . . that defendant . . . pointed a power drill wrapped in a towel at a bank teller and twice told her, "Give me all the money bitch." When the teller did not respond, defendant left the bank without money. He was later tracked to a nearby abandoned building by a K-9 unit following a dispatcher's advice that the bank robber "fled towards the Avondale neighborhood, which is directly across Sicklerville Road" from the bank.

---

[1] Although the trial court entered the order on February 21, 2024, the order was filed on February 22, 2024.

A-2846-23

[State v. McNeil, No. A-3774-16 (App. Div. July 15, 2019) (slip op. at 2).]

In the appeal, defendant argued, among other things, that "the trial court erred in denying [his] request to represent himself" and in imposing an excessive sentence. Id. at 2-4. After determining defendant successfully demonstrated to the trial court that his decision to represent himself was knowing and intelligent, we reversed and remanded for further proceedings. Id. at 10, 16.

During the remand proceedings, defendant represented himself with the assistance of standby counsel. Defendant filed various pre-trial motions, including an unsuccessful motion to dismiss the indictment. Ultimately, defendant entered a negotiated guilty plea to count one, as amended to second-degree robbery, N.J.S.A. 2C:15-1. At the plea hearing, with defendant's and the trial judge's consent, standby counsel "act[ed] as [defendant's] attorney for . . . the entry of th[e] plea."

To that end, standby counsel acknowledged defendant understood and accurately answered all the questions on the plea forms, and ensured defendant received prior service credit for time spent serving his sentence prior to the remand. Standby counsel also elicited a factual basis for the plea. See R. 3:9-2 (governing the requirements for the court's acceptance of a guilty plea). When asked if defendant was "satisfied with his [standby counsel's] services,"

3

defendant answered in the affirmative and stated that his standby counsel had "done what [defendant] asked him to do."

During the plea colloquy, defendant questioned how NERA could apply if there were no "injuries" and no "deadly weapon." Standby counsel explained to defendant that NERA applied to "[a]ll robberies" regardless of whether an injury occurred or a deadly weapon was involved. Defendant indicated that he disagreed with that interpretation of NERA and intended to appeal his sentence notwithstanding the provision in the plea agreement that he was waiving his right to appeal. See R. 3:9-3(d) (explaining "the plea agreement may be annulled at the option of the prosecutor" if the defendant files an appeal after agreeing not to do so).

Subsequently, at sentencing, standby counsel reiterated that defendant was "represent[ing] himself." During his allocution, defendant reaffirmed that he "[would] be appealing" his sentence. Defendant was then sentenced in accordance with the plea agreement to nine years in prison, subject to NERA. Defendant appealed, arguing on a Sentencing Oral Argument calendar, see R. 2:9-11, that NERA did not apply to second-degree robbery where "there [was] no actual violence." We disagreed and affirmed defendant's sentence in an order

A-2846-23

filed on December 10, 2021. State v. McNeil, No. 3438-20 (App. Div. Dec. 6, 2021).

Defendant filed a timely pro se PCR petition, which was subsequently supplemented by assigned counsel. In the petition, defendant asserted his standby counsel was ineffective by failing to provide him with full discovery, conduct pre-trial investigation, and file pre-trial motions. Defendant also argued that standby counsel was ineffective because he failed to raise mitigating factors one and twelve during sentencing, resulting in a higher sentence. See N.J.S.A. 2C:44-1(b)(1) ("The defendant's conduct neither caused nor threatened serious harm . . . ."); N.J.S.A. 2C:44-1(b)(12) ("The willingness of the defendant to cooperate with law enforcement authorities . . . ."). According to defendant, mitigating factor one applied because defendant "did not have a gun or threaten use of a weapon," and mitigating factor twelve applied because defendant "spoke with law enforcement in an attempt to assist in their investigation."

After conducting oral argument, the PCR judge denied defendant's petition without an evidentiary hearing. In an oral opinion from the bench, the judge determined defendant's claims were barred because a self-represented defendant "cannot later claim that his or her self-representation constituted ineffective assistance of counsel [(IAC)]." Even if the claims were not barred,

5

the judge found defendant's IAC claims that standby counsel failed to provide him with full discovery, conduct pre-trial investigation, or file pre-trial motions were "devoid of specific facts which are required in order to satisfy" a prima facie IAC claim. Instead, according to the judge, defendant's claims amounted to "b[a]ld assertions" and "vague conclusory statements" with no supporting affidavits or certifications. For example, the judge noted defendant claimed "he was not provided [with] affidavits in support of search warrants" but "[t]he undisputed facts indicate[d] that . . . defendant was found in a vacant residence and . . . the power tool wrapped in a towel was in a yard."

As to defendant's IAC claim that standby counsel was ineffective for not raising mitigating factors one and twelve during sentencing, the judge determined the claim was procedurally barred by Rule 3:22-5, providing that a prior adjudication on the merits is conclusive. Even if the claim was not procedurally barred, the judge found "no facts in the record supporting . . . those mitigating factors . . . much less" meeting the IAC standard by having "an impact on the outcome of [defendant's] sentencing."

The judge explained mitigating factor one contradicted defendant's sworn testimony during the plea colloquy when he acknowledged that the item he held caused the bank teller to "fear for [her] physical safety." The judge added that

6

mitigating factor twelve did not apply because although defendant admitted to police that he entered the vacant residence, "he denied that he had gone to the bank" to "commit[] a . . . robbery." The judge entered a memorializing order and this appeal followed.

On appeal, defendant reprises the following arguments rejected by the PCR judge for our consideration:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE, INDIVIDUALLY AND CUMULATIVELY, BY FAILING TO PROVIDE [DEFENDANT] WITH FULL DISCOVERY AND CONDUCT PRETRIAL INVESTIGATIONS SUCH THAT HE COULD NOT MAKE INFORMED DECISIONS, FAILING TO FILE PRETRIAL MOTIONS, AND FAILING TO ARGUE FOR RELEVANT MITIGATING FACTORS AT SENTENCING.

"When a defendant elects to represent himself, he cannot assert that his representation amounts to [IAC]." State v. Ortisi, 308 N.J. Super. 573, 592 (App. Div. 1998) (citing Faretta v. California, 422 U.S. 806, 834 n.46 (1975)). A self-represented defendant thereby "waive[s] any and all later claims that his [or her] self-representation constituted [IAC]." State v. Reddish, 181 N.J. 553, 594 (2004); see also Faretta, 422 U.S. at 834 n.46 ("[A] defendant who elects to

represent himself [or herself] cannot thereafter complain that the quality of his [or her] own defense amounted to a denial of 'effective assistance of counsel.'").

Although the Sixth Amendment guarantees the right to self-representation, a defendant does not have a constitutional right to receive standby counsel when engaging in self-representation. See State v. Davenport, 177 N.J. 288, 300 (2003); see also Faretta, 422 U.S. at 834 n.46 ("[A] State may—even over objection by the accused—appoint a 'standby counsel' to aid the accused . . . ." (emphasis added) (quoting United States v. Dougherty, 154 U.S. App. D.C. 76, 87-89 (D.C. Cir. 1972))). "Standby counsel is appointed for two main purposes:  to act as a 'safety net' to [e]nsure that the litigant receives a fair hearing and to allow the trial to proceed without the undue delays likely to arise when a layperson represents his own case." Ortisi, 308 N.J. Super. at 591 (quoting United States v. Bertoli, 994 F.2d 1002, 1018-19 (3d Cir. 1993)).

Standby counsel is permitted "to aid the [defendant] if and when the [defendant] requests help," to help the defendant "overcom[e] routine procedural or evidentiary obstacles," or to "ensure the defendant's compliance with basic rules of courtroom protocol and procedure."  Reddish, 181 N.J. at 597-98 (citations omitted).  Indeed, standby counsel must "be available to represent the

[defendant] in the event that termination of the defendant's self-representation is necessary." Id. at 597 (quoting Faretta, 422 U.S. at 834 n.46).

However, standby counsel cannot "substantially interfere[] with the defendant's trial strategy" and "must not destroy the appearance that the defendant is conducting his own defense." Id. at 597-98 (citing McKaskle v. Wiggins, 465 U.S. 168, 178-79 (1984)). Only the self-represented litigant is responsible for organizing the content of his or her own defense, making motions, arguing points of law, participating in voir dire, questioning witnesses, and addressing the court and jury during trial. McKaskle, 465 U.S. at 174; Davenport, 177 N.J. at 302. Still, "a pro se defendant's solicitation of or acquiescence in certain types of participation by [standby] counsel substantially undermines later protestations that counsel interfered unacceptably." McKaskle, 465 U.S. at 182.

Here, it is undisputed that following our reversal and remand, defendant represented himself. Defendant made pretrial motions and exercised control over his defense, evidenced by defendant risking annulment of his plea bargain by announcing his intention to appeal his sentence despite agreeing not to do so. Defendant was warned of the consequences related to self-representation and the risks and responsibilities he was undertaking when representing himself.

Despite these warnings, defendant represented himself and cannot now argue that he received IAC from standby counsel.

We also reject defendant's argument that because standby counsel "acted like counsel," we should allow defendant's IAC claim. Defendant never relinquished his status as a self-represented litigant and consented to standby counsel's participation. As a self-represented litigant, defendant alone was responsible for mounting his defense. McKaskle, 465 U.S. at 174. Defendant cannot now claim that his standby counsel was ineffective when standby counsel acted as standby counsel.

Although the question of whether a defendant has a right to the effective assistance of standby counsel has not been addressed head-on in New Jersey, federal courts have held that an IAC claim will not lie against standby counsel. See, e.g., United States v. Oliver, 630 F.3d 397, 414 (5th Cir. 2011) ("[W]ithout a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel." (quoting United States v. Morrison, 153 F.3d 34, 55 (2d Cir. 1998))); Simpson v. Battaglia, 458 F.3d 585, 597 (7th Cir. 2006) ("[T]he inadequacy of standby counsel's performance, without the defendant's relinquishment of his Faretta right, cannot give rise to an [IAC] claim under the Sixth Amendment."); United States v. Schmidt, 105 F.3d 82, 90

A-2846-23

(2d Cir. 1997) ("Absent a constitutional right to standby counsel, a defendant generally cannot prove standby counsel was ineffective.").

In Ortisi, a self-represented defendant "persisted in absenting himself from trial when he knew he had a right to be there, and instructed standby counsel to do nothing on his behalf but take notes." Ortisi, 308 N.J. Super. at 592. Despite that admonition, standby counsel objected to the admission of evidence "when he believed it was appropriate," and "requested and obtained an instruction that the jury not draw any adverse inference from [the] defendant's absence from the trial." Id. at 592-93.

We observed the defendant "deliberately manipulated the judge trying to gain an advantage." Id. at 592.

> If the judge had ordered standby counsel to participate, defendant would be urging that the judge's order, contradicting his instructions was error. He cannot have it both ways. Defendant did everything he could to make the orderly proceeding of this trial next to impossible. He knew what he was doing when he made the choice to proceed pro se, voluntarily absented himself from the trial, and instructed his standby counsel not to participate. To reward him for his manipulative behavior would encourage other defendants to engage in similar conduct, thereby causing disruptions in the trial process.
>
> [Ibid.]

A-2846-23

"Based on standby counsel's interventions, and the judge's obvious protection of [the] defendant's rights," we were "satisfied that the integrity of the trial process was preserved[,]" and rejected the defendant's contention he was "denied effective assistance of counsel." Id. at 593. The same rationale applies here. Participation by standby counsel should not give a defendant a second bite at the apple on PCR—the opportunity to challenge his own conduct and that of standby counsel.

To the extent not addressed, defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2846-23